```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DWIGHT JACKSON, SR.,

                Plaintiff,
                                          ORDER
        -against-                         10-CV-5477(JS)(AKT)

SUFFOLK COUNTY SHERIFF VINCENT
DEMARCO, SUFFOLK COUNTY,

                Defendants.
----------------------------------X
APPEARANCES:
FOR Plaintiff:    Dwight Jackson, Pro Se
                  # 98A4720
                  Attica Correctional Facility
                  639 Exchange Street
                  P.O. Box 149
                  Attica, NY 14011-0149

For Defendants:   No Appearance.
```

SEYBERT, District Judge:

On November 24, 2010, incarcerated pro se plaintiff Dwight Jackson ("Plaintiff") filed a Complaint in this Court against Suffolk County Sheriff Vincent DeMarco and Suffolk County ("Defendants") pursuant to The Americans With Disabilities Act ("ADA"), as amended, 42 U.S.C. §§ 12101 to 12213 and 42 U.S.C. § 1983 alleging violation of his rights under the 5th, 6th, 8th and 14th Amendments to the United States Constitution. Accompanying the Complaint is an application to proceed in forma pauperis. Plaintiff's request for permission to proceed in forma pauperis is GRANTED, but, for the reasons that follow, the Complaint is sua suponte DISMISSED WITHOUT PREJUDICE and with leave to file an Amended Complaint.

BACKGROUND

According to the Complaint, Plaintiff is "a qualified individual with a disability [who] was declared to be disabled by a judge in 2008."[1] (Compl. at ¶ 5(a)). Plaintiff complains that he was placed in medical administrative segregation during the periods July 25, 2008 to October 4, 2008 and from June 8, 2009 to an unspecified date in September, 2009. (Compl. at ¶ 5(a) and attachment thereto.) Plaintiff claims that he was confined for up to 33 hours twice a week even though Plaintiff's presence in the general population would not have posed a threat to the safety and security of others at the facility. As a result of his segregation, Plaintiff claims that he could not access the law library or communicate with his attorney. (Id.) Plaintiff also alleges that he was denied access to the courts because he did not receive envelopes with free postage until ten (10) days after his commissary account fell below $1.00. (Id.)

As a result of the foregoing, Plaintiff seeks injunctive relief directing Suffolk County "to end such practices" as well as $2,500,000 in unspecified damages. (Compl. at ¶ 6.)

DISCUSSION

I. In Forma Pauperis

Having reviewed Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that he

---

[1] Plaintiff does not allege the nature of his claimed disability.

is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915 (a)(1). Accordingly, Plaintiff's request for permission to proceed in forma pauperis is GRANTED.

II. Application of the Prison Litigation Reform Act

The Prison Litigation Reform Act, codified at 28 U.S.C. § 1915, requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i-iii); 28 U.S.C. § 1915A(a)&(b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Court is required to dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(a).

It is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the Plaintiff's pro se Complaint liberally and interpret it raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006); (McEachin v. McGuinnis, 357 F.3d 197, 200 (2d. Cir. 2004) ("[W]hen the plaintiff proceeds pro se, . . . a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations."). Moreover, at this state of the

proceeding, the Court assumes the truth of the allegations in the complaint. See Hughes, 449 U.S. at 10; Koppel v. 4987 Corp., 167 F.3d 125, 127 (2d Cir. 1999).

III. The ADA claims

Title II of ADA provides in part that, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity," 42 U.S.C. § 12132. This provision applies to state prisoners such as the Plaintiff.[2] Elbert v. New York State Dep't of Corr. Servs., __ F. Supp. 2d __, 08-CV-10998 (KMK), 2010 WL 4705145, at *3 (S.D.N.Y. Sept. 30, 2010) (citing Pa. Dep't of Corr. v. Yeskey, 524 U.S. 206, 213, 118 S. Ct. 1952, 141 L. Ed. 2d 215 (1998) ("[T]he plain text of Title II of the ADA unambiguously extends to state prison inmates.")).

To state a plausible Title II claim, "a plaintiff must allege that: 1) he or she is a qualified individual with a disability; and 2) he or she is being excluded from participation in, or being denied the benefits of some service, program, or activity by reasons of his or her disability." Elbert, 2010 WL 4705145, at *3 (citing Powell v. Nat'l Bd. of Med. Exam'rs, 364 F.3d 79, 85 (2d Cir. 2004)). The Second Circuit instructs that the

---

[2] Plaintiff is presently incarcerated at Attica Correctional Facility.

purpose of Title II is "to eliminate discrimination on the basis of disability and to ensure evenhanded treatment between the disabled and the able-bodied."  Doe v. Pfrommer, 148 F.3d 73, 82 (2d Cir. 1998).  Thus, "[t]he second prong requires the disabled plaintiff to allege that his or her mistreatment 'was motivated by either discriminatory animus or ill will due to disability.'"  Elbert, 2010 WL 4705145, at *3 (quoting Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn, 280 F.3d 98, 112 (2d Cir. 2001)).  Title II claims that fail to allege that the actions complained of were motivated by discriminatory animus are not plausible and are routinely dismissed.  See Elbert, 2010 WL 4705145, at *4 (collecting cases).

Here, Plaintiff alleges that he was placed in medical administrative segregation and as a result was denied access to the law library, his attorney and the courts.  Wholly absent from the Complaint is any suggestion that the Defendants' actions were motivated by a discriminatory animus or because of Plaintiff's claimed disability.  Even affording the pro se Complaint a liberal construction, there are simply no facts alleged such that the Court can infer the Defendants' discriminatory intent.  Thus, Plaintiff's Title II claims, as pled, are implausible and are dismissed without prejudice and with leave to file an Amended Complaint in accordance with this Order.  Any Amended Complaint must be filed **within thirty (30) days of the date that this Order is served with notice of**

5

**entry upon the Plaintiff** and Plaintiff is warned that his failure to timely file an Amended Complaint will result in the dismissal of his Title II claims with prejudice.

IV. Section 1983

> Section 1983 provides that
>
> > [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Rae v. County of Suffolk, No. 07-CV-2138 (RRM)(ARL), 2010 WL 768720, at *4 (E.D.N.Y. Mar. 5, 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)). Section 1983 does not create a substantive right; rather, to recover, a plaintiff must establish the deprivation of a separate, federal right. See Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).

A municipal body, such as a county, may not be held liable under Section 1983 for the unconstitutional acts of its employees absent an allegation that such acts are attributable to a municipal custom, policy or practice. See Monell v. New York

6

City Dep. of Social Services, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 2035-36, 56 L. Ed. 2d 611 (1978); see also Pembaur v. Cincinnati, 475 U.S. 469, 478-479, 108 S. Ct. 1292, 89 L. Ed. 2d 452 (1986); Jeffes v. Barnes, 208 F.3d 49, 57 (2d Cir. 2000) (noting that a municipality "cannot properly be held liable . . . unless the injury was inflicted by [its] lawmakers or by those whose edicts or acts may fairly be said to represent official policy") (internal citations and quotation marks omitted), cert. denied, 531 U.S. 813, 121 S. Ct. 47, 148 L. Ed. 2d 16 (2000); see also Hartline v. Gallo, 546 F.3d 95, 103 (2d Cir. 2008) (Section 1983 requires a plaintiff suing a municipality to show "an injury to a constitutionally protected right . . . that . . . was caused by a policy or custom of the municipality or by a municipal official 'responsible for establishing final policy.'"). Conclusory allegations of municipal custom or policy will not suffice to satisfy the requirements of Monell. Solomon v. Nassau County, 08-CV-0703 (ADS)(ARL), 2011 WL 66128, at *10 (E.D.N.Y. Jan. 7, 2011).

In addition, in order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation. Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010). The Supreme Court held in Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009) that "[b]ecause vicarious liability is inapplicable to . . . [section] 1983 suits,

7

a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id. Thus, a plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity must sufficiently plead that the supervisor was personally involved in the constitutional deprivation. Rivera v. Fischer, 655 F. Supp. 2d 235, 237 (W.D.N.Y. 2009). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. See Johnson v. Barney, 360 Fed. Appx. 199, 2010 WL 93110, at *1 (2d Cir. Jan. 12, 2010).

A. Claims Against Suffolk County

Affording Plaintiff's Complaint a liberal construction as this Court is required to do, the Court finds that Plaintiff's Section 1983 claims against Suffolk County are implausible as pled. The Complaint is devoid of any allegations that the claimed Constitutional violations of Plaintiff rights were done pursuant to some official "policy or custom" are required by Monell and its progeny. Accordingly, Plaintiff Section 1983 claims against Suffolk County are DISMISSED WITHOUT PREJUDICE and with leave to amend in accordance with this Order. Any Amended Complaint must be filed **within thirty (30) days of the date that this Order is served with notice of entry upon the Plaintiff** and Plaintiff is warned that his failure to timely file an Amended Complaint will result in the dismissal of his Section 1983 claims against Defendant Suffolk

8

County with prejudice.

B.  <u>Claims Against Sheriff Vincent DeMarco</u>

Although Plaintiff names Sheriff DeMarco as a Defendant, there are no allegations of any conduct by this Defendant, nor is he mentioned again in the Complaint.  Thus, is appears Plaintiff seeks to hold Defendant DeMarco liable solely because he holds the position of Sheriff.  However, as set forth above, an individual may not be held personally responsible merely because he is in a position of authority.  Accordingly, Plaintiff's Section 1983 claims against Defendant DeMarco are not plausible as plead and are DISMISSED WITHOUT PREJUDICE and with leave to amend in accordance with this Order.  Any Amended Complaint must be filed **within thirty (30) days of the date that this Order is served with notice of entry upon the Plaintiff** and Plaintiff is warned that his failure to timely file an Amended Complaint will result in the dismissal of his Section 1983 claims against Defendant DeMarco with prejudice.

<u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's application to proceed <u>in forma pauperis</u> is GRANTED.  However, for the reasons set forth above, the Complaint is <u>sua suponte</u> DISMISSED WITHOUT PREJUDICE and with leave to file an Amended Complaint in accordance with this Order **within thirty (30) days of the date that this Order is served with notice of entry upon the Plaintiff** and Plaintiff is warned that his failure to timely file an Amended Complaint will

result in the dismissal of his Complaint with prejudice.

The Superintendent of the facility in which Plaintiff is incarcerated must forward to the Clerk of the Court a certified copy of the Prisoner's trust fund account for the six months immediately preceding this Order, in accordance with Plaintiff's authorization in his in forma pauperis application. The agency holding Plaintiff in custody must calculate the amounts specified by 28 U.S.C. §1915(b), deduct those amounts from his prison trust fund account, and disburse them to the Clerk of the United States District Court for the Eastern District of New York. The Warden or Superintendent shall not deduct more than twenty percent from the prisoner's trust fund account.

Furthermore, the Clerk must mail a copy of this Order, together with Plaintiff's authorization, to the Plaintiff and the Superintendent of the facility in which Plaintiff is incarcerated.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT  
Joanna Seybert, U.S.D.J.

Dated: March  21 , 2011  
       Central Islip, New York