UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DWIGHT JACKSON, SR.,

                            Plaintiff,

      - against -

WARDEN CHARLES E. EWALD also
known as Charles E. Ewaid, DEPUTY
WARDEN JOHN DOE Suffolk County Jail,

                            Defendants.
------------------------------------------------------------X

**ORDER**

CV 10-5477 (JS) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      Plaintiff filed a motion seeking relief with respect to various discovery matters.  DE 41.  Defendants did not respond to the substance of Plaintiff's requests, but rather requested that the Court defer its decision on the motion and stay all other discovery pending resolution of the motion for judgment on the pleadings filed by Defendants on March 27, 2012.  DE 42.  The filing of a dispositive motion does not automatically stay discovery and Defendants have not demonstrated that circumstances exist in this case which warrant a stay.  Therefore, the Court will address each of the issues raised by Plaintiff.

      First, Plaintiff states that although Defendants sent him a copy of his medical records, he still does not know the name of the second doctor who treated him.  At the October 24, 2011 Status Conference, the Court stated that if Plaintiff could not identify the second doctor after reviewing the records, the Court would direct counsel for Defendants, Attorney Zwilling, to have someone from the County research the identity of the second doctor.  DE 31.  I am therefore directing Attorney Zwilling to have someone from the County research the identity of the second doctor who treated Plaintiff and to provide that information to Plaintiff by May 31, 2012.

The next item Plaintiff seeks is the identity of various medical professionals whose signatures are illegible on the medicals records he received. Plaintiff states that during the October 24, 2011 Status Conference, the Court directed Defendants to provide him with this information. This directive does not appear in the Civil Conference Minute Order for the Status Conference, DE 31, and, after reviewing the audio tape of the Status Conference, the Court was able to confirm that no such directive was made. Nevertheless, the Court finds that the names of the medical professionals who treated Plaintiff are relevant to his claim and will therefore direct Attorney Zwilling to provide their identities. I am directing Plaintiff to specifiy to Attorney Zwilling the pages of the records that contain the names he is looking for by May 23, 2012.

Plaintiff also requests two log books reflecting the movement of inmates off of the medical segregation floor. Plaintiff has received some log books from Defendants, but is missing log books that cover the periods August 8, 2008 through October 4, 2008 and June 13, 2009 through September 16, 2009. The gravamen of Plaintiff's claims is that he was unlawfully kept in his cell for excessive periods of time. The log books would reflect his movements and the Court therefore finds that such information is relevant. Moreover, the log books Plaintiff is requesting are for time periods covered by the Complaint. At the October 24, 2011 conference Attorney Zwilling stated that because the production of the log books may involve a significant amount of documentation, Defendants may be willing to stipulate to the amount of time Plaintiff was in and out of his cell. DE 31. The Court directed Attorney Zwilling to look into whether entering into such a stipulation was feasible. It appears that the parties did not enter into a stipulation and Defendants opted to produce the log books instead. Therefore Defendants are

directed to produce the log books for the periods August 8, 2008 through October 4, 2008 and June 13, 2009 through September 16, 2009 by June 5, 2012.

Because the Court is directing Defendants to provide Plaintiff with additional information, the Court grants Plaintiff's request for permission to file an amended narrative statement incorporating the new information. Plaintiff's second amended narrative statement is due July 3, 2012.

Plaintiff also requests the appointment of counsel and has attached an application for the appointment of counsel. This document should have been filed as a separate request. The Court will make the necessary changes to the docket to reflect that this is a separate request and the Pro Se Office will handle Plaintiff's request.

Plaintiff requests a copy of seven cases cited in Defendants' Memorandum of Law in Support of Motion Pursuant to 12(c), DE 36, that are only available on Westlaw because Plaintiff does not have access to Westlaw. Attorney Zwilling is directed to provide Plaintiff with a copy of these as soon as possible. *See* Local Civil Rule 7.2.

Plaintiff's final request is that the Court address an alleged violation of the Health Insurance Portability and Accountability Act ("HIPAA"). Plaintiff states that the medical records Defendants obtained exceed the authorizations he provided. He does not request any specific relief. Before making a determination, the Court is directing Attorney Zwilling to provide the Court with a response to Plaintiff's allegations. The response is fo be filed on ECF by May 17, 2012.

Counsel for Defendants is directed to serve a copy of this Order on Plaintiff Pro Se forthwith and to file proof of service on ECF.

**SO ORDERED.**

Dated: Central Islip, New York
       May 9, 2012

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge